FILED

**IN THE UNITED STATES
DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA** 2012 FEB 13 PM 1:55

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

LARRY MURPHREE,
an individual,

     Plaintiff,

                                 Case No.: 3:12-CV-153-J-34JRK

v.

THE TIDES CONDOMINIUM AT
SWEETWATER BY DEL WEBB
MASTER HOMEOWNERS' ASSOCIATION, INC.,
a Florida Corporation,

     Defendant.

_____/

## COMPLAINT

     COMES NOW, the Plaintiff, Larry Murphree, by and through the undersigned

attorney, and brings this suit against THE TIDES CONDOMINIUM SWEETWATER

BY DEL WEBB MASTER HOMEOWNERS' ASSOCIATION, INC., and would show

the Court as follows:

### JURISDICTION

1. This is an action for damages and declaratory relief brought pursuant to the
   laws of the United States of America.

2. The Plaintiff is an individual residing in Duval County, Jacksonville, Florida.

3. Defendant is a Florida corporation.

4. Venue is proper in this Court.

5. All conditions precedent to the Plaintiff's right to bring this suit have
   occurred, have been performed, or have been waived.

1

6. The Plaintiff alleges herein a cause of action pursuant to 120 Stat. 572, the Freedom to Display the American Flag Act of 2005, and 14 U.S.C. § 1983 for damages arising from an infringement of Plaintiff's constitutional rights. Thus, the Court possesses federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

7. Plaintiff also alleges a state cause of action in this matter, and the District Court has jurisdiction over that matter pursuant to 28 U.S.C. § 1367.

8. Plaintiff has obligated himself to pay a reasonable attorney's fee, and Defendant is liable for the same.

## FACTS

9. Plaintiff is an individual who owns and resides in a condominium unit located at 11934 Surfbird Circle, Jacksonville, FL; and more particularly described as follows:

> **Unit 44E, Building 44, Phase 6, THE TIDES CONDOMINIUM AT SWEETWATER BY DEL WEBB, a condominium, according to the Declaration of Condominium as recorded in official records book 12845, page 506, as amended by Amendment to Declaration recorded in Official records Book 13299, page 2346, and any amendment thereof, together with an undivided interest in the common elements appurtenant thereto, all recorded in the Public Records of Duval County, Florida**

10. Defendant is the condominium association formed for the purpose of managing the condominium property at which the Plaintiff resides.

11. Plaintiff began displaying a small United States flag in the garden pots outside the door to his condominium unit on or about July, 2011.

12. Defendant has repeatedly harassed, fined, and otherwise tormented Plaintiff regarding said display of the United States flag outside of Plaintiff's condominium unit. A picture of the flag display is attached hereto as Exhibit "A".

13. After many months of discussions, Defendant has levied fines and other encumbrances upon Plaintiff's property, which fines arise from Plaintiff's display of the United States flag outside of his condominium unit.

14. Defendant has maintained throughout the course of events which give rise to this conflict that Plaintiff's display of the United States flag is a violation of the various covenants and restrictions that apply to the condominium that is the subject of this litigation.

15. There have been several administrative and informal hearings before the Board of Directors of the condominium, but no resolution to the issue between Plaintiff and Defendant regarding the display of the American flag outside his condominium unit.

16. On July 24, 2006, President George W. Bush signed the "Freedom to Display the American Flag Act of 2005" which can be cited at 120 Stat. § 572.

17. Said statute makes it illegal for condominium associations such as the Defendant to curtail or limit the speech of persons wishing to display the United States flag outside of their condominium units, even if such display of the United States flag arguably violates one or more of the covenants and restrictions of the declaration of condominium.

3

18. The "Freedom to Display the American Flag Act" expressly states that: "A condominium association... may not adopt or enforce any policy, or enter into any agreement, that would restrict or prevent a member of the association from displaying the flag of the United States on residential property within the association with respect to which such member has a separate ownership interest or a right to exclusive possession or use."

19. It is beyond dispute that the Plaintiff has a "separate ownership interest" and "right to exclusive possession or use" of the condominium unit which he owns and in which he resides.

20. Plaintiff has shown this valid United States statute to the Defendant, and Defendant has continued to maintain its position that Plaintiff's display of the Stars and Stripes is in violation of the condominium covenants, and Defendant has continued to insist that the levied fines be paid. Copies of the correspondence regarding the "Freedom to Display the American Flag Act of 2005" from Defendant to Plaintiff and Plaintiff's response to the same are attached hereto as Exhibits "B" and "C" respectively.

21. The United States Congress is not the only legislative body to have addressed the specific issue framed by this controversy.

22. The Florida legislature has also enacted a statute specifically allowing displays of the United States flag by condominium unit owners outside of their residence; as Fla. Stat. Section 718.113(4) clearly provides: "Any unit owner may display one portable, removable United States flag, and on Armed Forces Day, Memorial Day, Flag Day, Independence Day, and Veterans Day,

4

may display in a respectful way portable, removable official flags, not larger than 4 ½ feet by 6 feet, that represent the United States Army, Navy, Air Force, Marine Corps, or Coast Guard, **regardless of any declaration rules** or requirements dealing with flags or decorations [Emphasis added]."

23. Thus, both Congress and the Florida legislature have weighed in on this important speech issue, and both statutes cited above are indisputably in Plaintiff's favor with respect to the issues framed by this case.

**COUNT I :**
**ACTION FOR DECLARATORY RELIEF AND DAMAGES**
**PURSUANT TO 120 STAT. § 572**

24. Plaintiff hereby realleges and incorporates into this Count each and every allegation of paragraphs one through twenty three (1-23) of this pleading.

25. The Freedom to Display the American Flag Act of 2005 indicates that the Defendant my not curtail Plaintiff's right to display the United States flag outside of his condominium residence under the guise of enforcing the association covenants and restrictions under Federal law.

26. The Exhibits attached hereto and the allegations contained in this Complaint clearly show that the Defendant has willfully continued to harass and otherwise persecute Plaintiff's display of the United States flag contrary to Federal Law.

27. Plaintiff's fundamental right to free speech has been chilled and curtailed as a direct and proximate result of Defendant's actions as set forth above.

## COUNT II:
## ACTION FOR DECLAIRATORY RELIEF AND DAMAGES
## PRUSUANT TO FLA. STAT. § 718.113(4)

28. Plaintiff hereby re-alleges and incorporates into this Count each and every allegation of paragraphs one through twenty three (1-23) of this pleading.

29. Fla. Stat. § 718.113(4) indicates that the Defendant my not curtail Plaintiff's right to display the United States flag outside of his condominium residence under the guise of enforcing the association covenants and restrictions under Florida law.

30. The Exhibits attached hereto and the allegations contained in this Complaint clearly show that the Defendant has willfully continued to harass and otherwise persecute Plaintiff's display of the United States flag contrary to Florida Law.

31. Plaintiff's fundamental right to free speech has been chilled and curtailed as a direct and proximate result of Defendant's actions as set forth above.

**WHEREFORE,** Plaintiff prays that this Court enter an Order declaring the actions of the condominium association invalid pursuant to 120 Stat. § 572 herein, and awarding actual damages, court costs, attorney's fees, and any other relief the Court deems just and necessary to the Plaintiff.

## COUNT III:
## DAMAGES PURSUANT TO 42 U.S.C. § 1983

32. Plaintiff hereby re-alleges and incorporates into this Count each and every allegation of paragraphs one through twenty three (1-23) of this pleading.

33. This is an action for damages and related relief against the Defendant pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's speaking rights pursuant to the United States Constitution Amendment 1.

34. The District Court for the Middle District of Florida and the United States Supreme Court have both previously held that a condominium association attempting to enforce a covenant contained in a declaration of condominium constitutes state action for purposes of First Amendment analysis and § 1983. *See* Shelley v. Kraemer, 334 U.S. 1, (1948); and Gerber v. Longboat Harbour North Condominium, Inc., 757 F. Supp. 1339 (M.D. Fla. 1991).

35. Thus, Defendant, under the decisions cited above, is a state actor for purposes of first amendment analysis.

36. It is beyond dispute that the display of the American flag is protected for political speech, and that the protections of the First Amendment apply to Plaintiff's display of the United States flag from which this litigation arises.

37. By fining, penalizing, and otherwise harassing Plaintiff with respect to Plaintiff's display of the United States flag, the Defendant condominium corporation has infringed upon Plaintiff's fundamental right to free speech protected by the First Amendment to the United States Constitution.

38. Plaintiff has incurred actual damages as a direct and proximate result of Defendants actions detailed hereinabove.

WHEREFORE, Plaintiff prays that this Court enter a judgment against the Defendants in its favor, awarding damages to compensate Plaintiff for Defendant's

violation of his fundamental rights to free speech, plus court costs, attorney's fees, and any other relief the Court deems just and necessary.

Dated this 6ᵗʰ day of February _____, 2012.

Respectfully submitted by,

**Affinity Law Firm, P. L.**


Gust G. Sarris, Esquire (FBN 21999)
Adam P. Rowe, Esquire (FBN 19324)
3947 Boulevard Center Drive, Suite 101
Jacksonville, FL 32207
(904) 398-9510 telephone
(904) 398-9512 facsimile
gsarris@affinitylawfirm.com
arowe@affinitylawfirm.com

8



**Exhibit "A"**

November 11, 2011

To the Sweetwater Covenants Committee:

I disagree with your Governing Documents in regard to displaying of the American Flag, which you refer to as an unauthorized object.

According to the Freedom to Display the American Flag Act of 2005, "ban of condominium and homeowners associations from restricting how the American Flag can be displayed", President Bush signed this bill into law July 24, 2006. On May 28, 2008, Florida Governor Charlie Crist signed a similar bill. Governor Jebb Bush signed into law a bill guaranteeing Floridians' right to fly the United States Flag at their homes, regardless of rules set by a homeowners' association. After signing this bill, he stated that "since September 11, American Flags have flown proudly from store fronts, office buildings, dorm rooms and car windows. There's absolutely no reason they shouldn't grace the fronts of Floridians' homes. This bill will ensure that all Floridians can show their patriotism, no matter where they live." Judge Ronald Alvarez of the 15th Judicial Circuit ruled on FS-720 modified by SB-148 and is quoted in part, "...Circuit Judge Ronald Alvarez removed all homeowners' association's restrictions against flying the American Flag."

Any further action against me will result in Affinity Law Firm to file a lawsuit. Also, they will send a press release to local and national news outlets and all appropriate websites will be advised that Pulte's HOA is trying to prevent residents from displaying the American flag, which is against state and federal law.

Sincerely,

*Larry Murphree*

Larry Murphree

Attachments
Cc:  Affinity Law Firm
      Katie Hollis, Property Manager
      Gary Leach, Chairman of Rules Committee
      Tara Jinks, President Sweetwater HOA
      Tim O'Keefe, Continental CEO
      Richard J Dugas Jr. CEO Pulte Homes Inc.

**Exhibit "B"**

**Sweetwater Master Association**
**9039 Del Webb Parkway**
**Jacksonville, FL 32256**
**Ph: (904)519-6673**
**Fax: (904) 363-1973**

**Please Correct the Following:**
Unauthorized Object - Other

**Inspection Date: 10/20/2011**

**Re-Inspection Date: 10/20/2011**

**Correction Date: 11/3/2011**

**LARRY MURPHREE**
**11934 SURFBIRD CIR**
**JACKSONVILLE FL 32256**

**Comments:**
Please remove the flags from the pots at
your entrance. This item is being
scheduled for a hearing. You will be
notified as to the time and date.

Thursday, October 20, 2011

RE: Second Notice of Violation
11934 Surfbird Cir / Account #: 0ST1-0000-0332-01

Dear Larry Murphree:

At this time your cooperation is again requested in resolving the above referenced violation.   As you are
aware, the Sweetwater Master Association Board of Directors is  responsible for maintaining the value  of
the community.

Please be assured that inspections and enforcement are intended to be constructive in nature.  A  final
inspection will be completed to ensure corrective action has been taken.   Should no action or inappropriate
action be taken, both the Association Documents and Florida Statutes allow for additional legal remedies,
which will be followed to the extent necessary to obtain your compliance.

If you are unable to comply with this request or require additional time to make the necessary correction,
please contact  me  **in writing** with any supporting documentation at  the address or fax number listed
above, or by e-mail to KHollis@thecontinentalgroupinc.com.   **In order to properly document your response,**
**verbal communication cannot  be considered.**

Thank you for your immediate attention to this matter.

Sincerely,

On Behalf of the Board of Directors

Katie Hollis
Property Manager
The Continental Group, Inc. (Jacksonville Office)



August 18, 2011

Summerland Hall
9039 Del Well Parkway
Jacksonville, FL 32256

Re: Murphree v. Continental
        File Number: 2124-001

To Whom It May Concern:

        I have been retained by Larry Murphree, who resides at 11934 Surfbird Circle, Jacksonville, FL 32256 in regards to the numerous violations that he has incurred by the Home Owner's Association. Once again we are requesting that we also receive a copy of any correspondence sent to Mr. Murphree.

Very Sincerely Yours,

Gust G. Sarris, Esq.
GGS/jms



# FLYING "OLD GLORY" ?

## President signs bill freeing homeowners to fly U.S. flag

By The Associated Press
July 25, 2006

WASHINGTON — President Bush signed a bill yesterday that bars condominium and homeowner associations from restricting how the American flag can be displayed.

Sponsored by Rep. Roscoe Bartlett, R-Md., the measure prohibits those groups from preventing residents from displaying an American flag on their own property.

H.R. 42 was passed unanimously by both the House and the Senate.

"Americans have long flown our flag as an expression of their appreciation for our freedoms and their pride in our nation," Bush said in a statement. "As our brave men and women continue to fight to protect our country overseas, Congress has passed an important measure to protect our citizens right to express their patriotism here at home without burdensome restrictions."

H. R. 42

One Hundred Ninth Congress of the United States of America
AT THE SECOND SESSION

Begun and held at the City of Washington on Tuesday, the third day of January, two thousand and six

An Act
To ensure that the right of an individual to display the flag of the United States on residential property not be abridged.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,
SECTION 1. SHORT TITLE.
This Act may be cited as the "Freedom to Display the American Flag Act of 2005".
SEC. 2. DEFINITIONS.
For purposes of this Act—
(1) the term "flag of the United States" has the meaning given the term "flag, standard, colors, or ensign" under section 3 of title 4, United States Code;
(2) the terms "condominium association" and "cooperative association" have the meanings given such terms under section 604 of Public Law 96399,(15 U.S.C. 3603);

(3) the term "residential real estate management association" has the meaning given such term under section 528 of the Internal Revenue Code of 1986 (26 U.S.C. 528); and

(4) the term :member"—

(A) as used with respect to a condominium association, means an owner of a condominium unit (as defined under section 604 of Public Law 96399 (15 U.S.C. 3603)) within such association;

(B) as used with respect to a cooperative association, means a cooperative unit owner (as defined under section 604 of Public Law 96399 (15 U.S.C. 3603)) within such association; and

(C) as used with respect to a residential real estate management association, means an owner of a residential property within a subdivision, development, or similar area subject to any policy or restriction adopted by such association.

## SEC. 3. RIGHT TO DISPLAY THE FLAG OF THE UNITED STATES.

A condominium association, cooperative association, or residential real estate management association may not adopt or enforce any policy or restriction, or enter into any agreement, that would restrict or prevent a member of the association from displaying the flag of the United States on residential property within the association with respect to which such member has a separate ownership interest or a right to exclusive possession or use.

## SEC. 4. LIMITATIONS. H. R. 42-2

Nothing in this Act shall be considered to permit any display or use that is inconsistent with—

(1) any provision of chapter 1 of title 4, United States Code, or any rule or custom pertaining to the proper display or use of the flag of the United States (as established pursuant to such chapter or any otherwise applicable provision of law); or (2) any reasonable restriction pertaining to the time, place, or manner of displaying the flag of the United States necessary to protect a substantial interest of the condominium association, cooperative association, or residential real estate management association.

**Speaker of the House of Representatives.**

**Vice President of the United States and President of the Senate.**

## READ ALL ARTICLES





Order Code RL30243

# CRS Report for Congress

## The United States Flag:
## Federal Law Relating to Display
## and Associated Questions

**Updated April 14, 2008**

John R. Luckey
Legislative Attorney
American Law Division



**Congressional
Research
Service**

Prepared for Members and
Committees of Congress

Hunters Creek Community Association
Board of Directors
14101 Town Loop Blvd
Orlando, FL 32837

    Based on advice from the Honorable Andy Gardiner, I am attempting to resolve the issue concerning the flagpole at my residence at 14742 Eagles Crossing Drive. As I have stated in my previous letter, FS 720 allows me to fly the flag. FS 720 was also modified by SB 148 and is quoted (in part) for your reference. You may also be interested in a 2002 ruling on homeowners' association's restrictions on flying the flag. A portion of the article is quoted as follows: "...circuit judge Ronald Alvarez removed all homeowners' association's restrictions against fly the American Flag."(1)

    The following article on SB148 may also be of interest to you.

    Governor Jeb Bush signed into law today a bill guaranteeing Floridians' right to fly the United States flag at their homes, regardless of rules set by a homeowners' association. Senate Bill 148, an act relating to the Display of the United States Flag, was filed to address arbitrary rules enacted by homeowner associations to prevent flying of the American flag. It also allows homeowners to file a suit if prevented from flying the flag in a reasonable, respectful manner. Senate Bill 148 was sponsored by Senator Steven Geller and Representative Eleanor Sobel and was co-sponsored by Senators Tom Lee, Daryl Jones, Ginny Brown-Waite, Al Lawson, Les Miller Jr., Ron Klein, Ron Silver, Rod Smith, Richard Mitchell, Skip Cambell, Kendrick Meek, and Representatives Eleanor Sobel, Matt Meadows, Dennis Baxley, Nancy Detert, Don Brown, Mike Fasano, Mike Hogan, Paula Dockery, Will Kendrick, Roger Wishner.

    "Since September 11, American flags have flown proudly from store fronts, office buildings, dorm rooms and car windows. There's absolutely no reason they shouldn't grace the fronts of Floridians' homes," Governor Bush said. "This bill will ensure that all Floridians can show their patriotism, no matter where they live."

SB148 states, and portions are copied directly from the bill as follows:

**Florida Senate - 2002**               **CS for SB 148**

ENROLLED

    2002 Legislature               CS for SB 148

1
2       An act relating to to homeowners' associations;
3       amending s. 720.304, F.S.; providing that any
4       homeowner may display a United States flag;
5       amending s. 720.3075, F.S.; prohibiting
6       association documents from placing certain
7       restrictions on the display of a United States
8       flag; providing for retroactive application of
9       the act; providing an effective date.
10

30      (2) Any homeowner may display one portable, removable
31  United States flag in a respectful manner, regardless of any
                                1
1  declaration rules or requirements dealing with flags or

organizations.[49]   The Code also states that the flag should never be used for advertising purposes in any manner whatsoever.[50]

While wearing the colors may be in poor taste and offensive to many, it is important to remember that the Flag Code is intended as a guide to be followed on a purely voluntary basis to insure proper respect for the flag.   It is, at least, questionable whether statutes placing civil or criminal penalties on the wearing of clothing bearing or resembling a flag could be constitutionally enforced in light of Supreme Court decisions in the area of flag desecration.[51]

In the past, the Supreme Court has held that states may restrict use of pictures of the flag on commercial products.[52]  There is a federal criminal prohibition on the use of the flag for advertising purposes in the District of Columbia.[53]   While commercial speech does not receive the full protection of the First Amendment,[54] the status of these statutes and cases can not be taken for granted in light of *Eichman* and *Johnson.*

## Restrictions on Size and Proportions of the Flag

Questions on size and dimensions usually arise in the context of the display of huge flags.  The Flag Code is silent on recommendations for proper flag size and dimensions.  Regulations governing size and dimensions and other requirements for flags authorized for federal executive agencies can be found in Executive Order No. 10834.[55]  These regulations provide that the length of the flag should be 1.9 times the width.

## Restrictions on Display of the Flag by Real Estate Associations

The Freedom to Display the American Flag Act of 2005[56] prohibits a condominium, cooperative, or real estate management association from adopting or enforcing any policy or agreement that would restrict or prevent a member of the association from displaying the flag in accordance with the Federal Flag Code on residential property to which the member has a separate ownership interest.

---

[49] P.L. 94-344, § 1(16).

[50] 4 U.S.C. § 8(i).

[51] *See, United States v. Eichman,* 496 U.S. 310 (1990) and *Texas v. Johnson,* 491 U.S. 397 (1989).

[52] *See, e.g., Halter v. Nebraska,* 205 U.S. 34 (1907).

[53] 4 U.S.C. § 3.

[54] *See, e.g., Central Hudson Gas and Electric Co. V. PSC,* 447 U.S. 557 (1980).

[55] Aug. 21, 1959, 29 F.R. 6865; *see* 4 U.S.C. §§ 1-2.

[56] P.L. 109-243.



January 27, 2012


Larry Murphree
11934 Surfbird Circle
Jacksonville FL 32256


Dear Larry:

The Sweetwater Covenants Enforcement Committee met on November 15, 2011.  In a letter sent 3 weeks prior, you were notified of this meeting and invited to attend in order to speak on your behalf.  You were in attendance at this meeting, and the Committee did hear your case.

The Committee reviewed your case, and decided on the following course of action:

Violation: Flag in Pot in the Common Area

Action: You must remove the flags from the common area by January 1, 2012.  Failure to comply with these terms will result in a fine of $100 per day until the violation has been corrected.

> With respect to the Architectural Review Board: (i) no condominium or cooperative association shall make any improvements or alterations on or to the Property under its jurisdiction without first having secured the approval of the Architectural Review Board as provided herein and (ii) in the event that an individual Owner of a condominium or cooperative Unit(s) desires to make alterations to the exterior thereof, a request for the approval thereof shall be submitted to the Architectural Review Board as required by this Declaration, but such request shall be accompanied by evidence that the condominium or cooperative association having jurisdiction thereover has already approved same, absent which approval the Architectural Review Board shall not consider the submission and same shall be considered timely disapproved.

Action: After hearing your case, the CEC decided to issue a fine if the violation listed above was not corrected by January 1, 2012.  This fine was in the amount of $100 per day until the violation was corrected.  Further, due to the fact that you did not remove the exterior modification from the common areas your $100 per day fine has reached its maximum amount that is allowable per the Sweetwater by Del Webb Master Declaration and the Florida Statutory maximum. This amount is $1,000, failure to pay this fine within 30 days from the date of this letter will result in a hearing to remove your privileges to use the community facilities until all fines are paid in full.

/

**Exhibit "C"**

**Sweetwater Master Association**
**9039 Del Webb Parkway**
**Jacksonville, FL 32256**
**Ph: (904)519-6673**
**Fax: (904) 363-1973**



**Please Correct the Following:**
Unauthorized Object - Other

**Inspection Date:** 8/23/2011

**Correction Date:** 9/1/2011

**Comments:**
Please remove the two flags in
the flower pot on your front
porch. Flags may be displayed in
the limited common element at
any time.

**LARRY MURPHREE**
**11934 SURFBIRD CIR**
**JACKSONVILLE FL 32256**

Thursday, August 25, 2011

RE: Friendly Reminder Notice
    11934 Surfbird Cir / Account #: 0ST1-0000-0332-01

Dear Larry Murphree:

The Sweetwater Master Association Board of Directors is dedicated to protecting the investments made in your homes, enhancing the appearance of our community, and keeping property values high.   As such, we would appreciate your cooperation in correcting the above referenced matter.   If this matter has already been taken care of, please disregard this letter.

If you are unable to comply with this request, please contact me *in writing* at the address. or fax number listed  above, or by e-mail to KHollis@thecontinentalgroupinc.com.   *In order to properly document your response, verbal communication cannot be considered.*

Thank you for your understanding and cooperation.

Sincerely,

On Behalf of the Board of Directors

Katie Hollis
Property Manager
The Continental Group, Inc. (Jacksonville Office)

**Sweetwater Master Association**
**9039 Del Webb Parkway**
**Jacksonville, FL 32256**
**Ph:**
**Fax: (904) 363-1973**

**Please Correct the Following:**
**Lawn Ornaments & Signage -**
**Not Approved**

**Inspection Date: 4/19/2010**

**Correction Date: 4/19/2010**

**Comments:**
**Remove flag (holder) from the**
**exterior of the building. This is**
**common area. Thank you in**
**advance.**

**LARRY MURPHREE**
**11934 SURFBIRD CIR**
**JACKSONVILLE FL 32256**

Thursday, April 29, 2010

RE: Friendly Reminder Notice
    11934 Surfbird Cir / Account #: 0ST1-0000-0332-01

Dear Larry Murphree:

The Sweetwater Master Association Board of Directors is dedicated to protecting the investments made in your homes, enhancing the appearance of our community, and keeping property values high.   As such, we would appreciate your cooperation in correcting the above referenced matter.   If this matter has already been taken care of, please disregard this letter.

If you are unable to comply with this request, please contact me *in writing* at the address or fax number listed  above, or by e-mail to KHollis@sterlingmgnt.com.   *In order to properly document your response, verbal communication cannot be considered.*

Thank you for your understanding and cooperation.

Sincerely,

On Behalf of the Board of Directors

Katie Hollis
Property Manager
The Continental Group, Inc. (Jacksonville Office)

**Sweetwater Master Association**
9039 Del Webb Parkway
Jacksonville, FL 32256

Fax: (904) 363-1973



LARRY MURPHREE
11934 SURFBIRD CIR
JACKSONVILLE FL  32256

**Violation To Be Corrected:**
Other - Other

Friday, June 27, 2008

**Correction Period:**
Immediately

RE:     First Notice of Deed Restriction Violation
   11934 Surfbird Cir

**Violation Comments:**
American flag must be removed from garage door. American flags are allowed as indicated in attached photo.

Dear Larry Murphree:

The Sweetwater Master Association Board of Directors is dedicated to maintaining the integrity of the community and continually enhancing property values.  This is done on behalf of all homeowners as a requirement of the Association's Declaration of Covenants and Restrictions and Rules and Regulations.  The primary method for accomplishing this requirement is through routine inspections for community standard violations.

During the most recent inspection the enclosed picture and/or violation comments were observed.  Please be assured that inspections and enforcement are intended to be constructive in nature.  The intent of this letter is simply to have the violations observed corrected in a timely manner.  A follow up inspection will be completed to ensure corrective action has been taken.  The Association greatly appreciates your understanding and attention to this matter.

Should you wish to dispute the violation, or require additional time to make the necessary correction(s), please submit your response, **in writing,** with any supporting documentation to Sterling Management, Attention *Eric Kohorn*, at the above listed address or fax it to (904) 363-1973.  *To properly document your response you must contact us in writing.*

The Association and Sterling Management thank you in advance for your understanding and cooperation in helping make the Sweetwater Master Association a better place to live.

Sincerely,

Eric Kohorn, Property Manager
Sterling Management, Inc.

**Sweetwater Master Association**
**9039 Del Webb Parkway**
**Jacksonville, FL 32256**
**Ph: (904)519-6673**
**Fax: (904) 363-1973**

**Please Correct the Following:**
**Unauthorized Object - Other**

**Inspection Date: 8/23/2011**

**Correction Date: 9/1/2011**

**Comments:**
**Please remove the two flags in the flower pot on your front porch. Flags may be displayed in the limited common element at any time.**

**LARRY MURPHREE**
**11934 SURFBIRD CIR**
**JACKSONVILLE FL 32256**

Thursday, August 25, 2011

RE: Friendly Reminder Notice
   11934 Surfbird Cir / Account #: 0ST1-0000-0332-01

Dear Larry Murphree:

The Sweetwater Master Association Board of Directors is dedicated to protecting the investments made in your homes, enhancing the appearance of our community, and keeping property values high.   As such, we would appreciate your cooperation in correcting the above referenced matter.   If this matter has already been taken care of, please disregard this letter.

If you are unable to comply with this request, please contact me *in writing* at the address or fax number listed  above, or by e-mail to KHollis@thecontinentalgroupinc.com.   *In order to properly document your response, verbal communication cannot be considered.*

Thank you for your understanding and cooperation.

Sincerely,

On Behalf of the Board of Directors

Katie Hollis
Property Manager
The Continental Group, Inc. (Jacksonville Office)

**Sweetwater Master Association**
**9039 Del Webb Parkway**
**Jacksonville, FL 32256**
**Ph: (904)519-6673**
**Fax: (904) 363-1973**

**Please Correct the Following:**
**Unauthorized Object - Other**

**Inspection Date: 10/20/2011**

**Re-inspection Date: 10/20/2011**

**Correction Date: 11/3/2011**

**Comments:**
**Please remove the flags from the pots at**
**your entrance. This item is being**
**scheduled for a hearing. You will be**
**notified as to the time and date.**

**LARRY MURPHREE**
**11934 SURFBIRD CIR**
**JACKSONVILLE FL 32256**

RECEIVED
OCT 3 1 2011

Thursday, October 20, 2011

RE: Second Notice of Violation
     11934 Surfbird Cir / Account #: 0ST1-0000-0332-01

Dear Larry Murphree:

At this time your cooperation is again requested in resolving the above referenced violation.   As you are aware, the Sweetwater Master Association Board of Directors is   responsible for maintaining the value  of the community.

Please be assured that inspections and enforcement are intended to be constructive in nature.  A   final inspection will be completed to ensure corrective action has been taken.   Should no action or inappropriate action be taken, both the Association Documents and Florida Statutes allow for additional legal remedies, which will be followed to the extent necessary to obtain your compliance.

If you are unable to comply with this request or require additional time to make the necessary correction, please contact  me  **in writing** with any supporting documentation at  the address or fax number listed above, or by e-mail to KHollis@thecontinentalgroupinc.com.   **In order to properly document your response, verbal communication cannot  be considered.**

Thank you for your immediate attention to this matter.

Sincerely,

On Behalf of the Board of Directors

Katie Hollis
Property Manager
The Continental Group, Inc. (Jacksonville Office)